IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-1819

**STEPHEN HILLEARY, Plaintiff,**

v.

**AMICA MUTUAL INSURANCE COMPANY, Defendant.**

## NOTICE OF REMOVAL

Defendant, Amica Mutual Insurance Company ("Defendant"), through its attorneys, Andrew A. Scott and White and Steele, P.C., pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal of the civil action described herein from the Boulder County District Court, in the State of Colorado, to the United States District Court for the District of Colorado.

### I.  FACTUAL BACKGROUND

1. Plaintiff's Complaint was filed on June 20, 2018 in the Boulder County District Court and is captioned as Stephen Hilleary v. Amica Mutual Insurance Company, Civil Action No. 2018CV30595. A copy of Plaintiff's Complaint is attached as **Exhibit A** and a copy of Plaintiff's Summons in attached as **Exhibit B**.

2. Copies of the Civil Case Coversheet, Pre-trial Order, and Defendant's Answer and Jury Demand are attached hereto as **Exhibits C, D, and E**.

3. Pursuant to D.C.COLO.LCirR 81.1, the removing party represents that there are no pending motions or petitions.

4. According to the Complaint, Plaintiff alleges that on or about October 24, 2014, Plaintiff sustained property damage and bodily injury from a motor vehicle collision with an underinsured motorist in the City of Albuquerque, County of Bernalillo, State of New Mexico. (**Exhibit A**, Complaint ¶¶ 7, 8, 17).

5. Plaintiff's Complaint alleges that at the time of the incident, Plaintiff resided in the State of New Jersey. (**Exhibit A**, Complaint ¶ 1).

6. Plaintiff's Complaint further alleges that Defendant is a foreign corporation licensed to do business in the State of Colorado. (**Exhibit A**, Complaint ¶ 2).

7. Defendant is a corporation domiciled in Rhode Island, with its home office located at 100 Amica Way, Lincoln, RI 02865.

8. Plaintiff's Complaint alleges three causes of action against Defendant: (1) Breach of Contract; (2) violation of section 10-3-1115, C.R.S., and relief pursuant to section 10-3-1116, C.R.S., and (3) Bad Faith Breach of Insurance Contract. (**Exhibit A**, ¶¶ 21-40).

## II.    LEGAL STANDARD

9. "Except as otherwise expressly provided by Act of Congress any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

11. "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

### III.  GROUNDS FOR REMOVAL

**A. Diversity of Citizenship**

12. "For purposes of federal jurisdiction, an individual's state citizenship is equivalent to domicile. To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006).

13. For diversity purposes, a corporation's citizenship is determined by its place of incorporation and its principal place of business. *See Borandi v. Alliance for Sustainable Energy, LLC*, 2015 U.S. Dist. LEXIS 66503, *8, 2015 WL 2448321 (D. Colo. May 21, 2015).

14. The removing party carries the burden of establishing by a preponderance of the evidence that jurisdiction is proper. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

   **i. Plaintiff's Citizenship**

15. Plaintiff avers that, at the time of the incident, he was a resident of New Jersey. (**Exhibit A**, Complaint ¶ 1).

16. For purposes of diversity jurisdiction, "state citizenship is the equivalent of domicile." *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). A person's "place of residence is *prima facie* the domicile." *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

17. Plaintiff was a citizen of the State of New Jersey when the incident occurred and when he initiated this lawsuit.

### ii. Defendant's Citizenship

18. Defendant is a corporation organized in the State of Rhode Island, with a principal place of business located at 100 Amica Way, Lincoln, RI 02865. For purposes of federal diversity jurisdiction, Defendant is a citizen of the State of Rhode Island. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it had been incorporated and the State where it has its principal place of business").

### iii. Amount in Controversy

19. To support diversity jurisdiction, Plaintiff must also allege facts in the Complaint to show that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). If the allegations in the Complaint are not dispositive, then the requisite amount in controversy must also be affirmatively established on the face of either the petition or the removal notice. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

20. Plaintiff's final settlement demand before this lawsuit was filed was $45,000. In Plaintiff's second claim, alleging a violation of section 10-3-1115, C.R.S., he requests relief pursuant to section 10-3-1116, C.R.S., in an amount of double this covered benefit as well as his attorney fees.

21. Based on the above assertions, it is clear that the amount in controversy in this matter exceeds $75,000.

22. This Notice of Removal is being filed within thirty days after service of the Complaint in this matter on Defendant.

23. Complete diversity between the parties exists in this case. Plaintiff is a citizen of New Jersey and Defendant is a citizen of Rhode Island. Additionally, an amount in controversy greater than $75,000 has been established.

24. Accordingly, jurisdiction is proper in this Court and this matter should properly be removed from the Boulder County District Court, State of Colorado, to the United States District Court for the District of Colorado.

25. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the District Court of Boulder County, Colorado. A copy of this Notice of Removal has been served on Plaintiff as indicated in the attached Certificate of Service.

**WHEREFORE**, in reliance on the facts and supporting arguments as set forth above, Defendant Amica Mutual Insurance Company respectfully requests that the United States District Court for the District of Colorado accept this Notice of Removal, and that this Court assume jurisdiction of this case and issue such further orders and processes as may be necessary to bring all parties before this Court for the trial hereof.

Respectfully submitted this 18th day of July, 2018.

                            WHITE & STEELE, P.C.

                            */s/* Andrew A. Scott
                            Andrew A. Scott, #33782
                            600 17th Street, Suite 600N
                            Denver, CO   80202
                            Telephone:  (303) 296-2828
                            Facsimile:  (303) 296-3131
                            Email - ascott@wsteele.com
                            Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 18th day of July, 2018, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed via CM/ECF to the following:

Jeremy Cave
Cave Law LLC
3190 S. Vaughn Way, Ste. 550
Aurora, CO 80014
Email jeremy@cave.law
*Attorney for Plaintiff*

                                      */s/* Grace Christie
                                      White and Steele, P.C.
                                      Dominion Towers, North Tower
                                      600  17th Street, Suite 600N
                                      Denver, CO 80202
                                      Telephone – 303-296-2828
                                      Email – gchristie@wsteele.com

cc:  Boulder County District Court (via Colorado Courts E-filing)