# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, COUNTY OF BOULDER, STATE OF COLORADO<br><br>Court Address: 1777 6th St.<br>　　　　　　　Boulder, CO  80302<br><br>Plaintiff:   Stephen Hilleary<br><br>v.<br><br>Defendant: Amica Mutual Insurance Company | DATE FILED: June 20, 2018 2:51 PM<br>FILING ID: 47D902CC51DF9<br>CASE NUMBER: 2018CV30595<br><br><br>**COURT USE ONLY** |
| Jeremy Cave, #35435<br>Cave Law LLC<br>3190 S. Vaughn Way, Ste. 550.<br>Aurora, CO  80014<br>Phone:  (720) 213-3737<br>Fax:　  (720) 367-5331<br>Email:  jeremy@cave.law<br>ATTORNEY FOR PLAINTIFF | Case Number:<br><br><br>Division　　　Courtroom |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, through his attorney Jeremy Cave, Esq., submits this Complaint against Defendant, and alleges as follows:

1. Plaintiff Stephen Hilleary ("Hilleary") is a resident of the State of New Jersey.

2. Upon information and belief, Defendant Amica Mutual Insurance Company ("Amica") is, and at all times relevant hereto was, a foreign corporation licensed to conduct business in the State of Colorado, including writing insurance policies for underinsured motorist benefits ("UIM").

3. Venue is proper herein pursuant to C.R.C.P. 98.

4. This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

## **GENERAL ALLEGATIONS**

5. Hilleary incorporates all prior allegations as though fully set forth herein.

6. On or about October 24, 2014, Hilleary was the restrained driver of a 2007 Honda, traveling southbound on Louisiana Blvd., at or near the intersection with Mountain Rd. NE, City of Albuquerque, County of Bernalillo, State of New Mexico.

7. On or about October 24, 2014, Shirley Houston Jabr, operator of a 2006 Pontiac, was turning left onto southbound Louisiana Blvd. from westbound Mountain Rd. NE.  As Ms. Houston attempted her left turn, she collided with Hilleary's vehicle, in the City of Albuquerque, County of Bernalillo, State of new Mexico.

8. The collision resulted in severe damage to Hilleary's vehicle, and caused Hilleary to sustain bodily injury and suffer other damages and losses.

9. The incident was investigated by Albuquerque Police Department Officer A. Quillman.

10. Hilleary was not negligent on the occasion in question.

11. Hilleary was wearing his seatbelt at the time of the collision made the basis of this lawsuit.

12. Hilleary has not failed to mitigate his damages.

13. To the extent that Hilleary suffered from any pre-existing physical condition, that condition is not relevant to any legitimate issue to be adjudicated herein.

14. Hilleary has not been injured in an unrelated matter subsequent to the incident in question.

15. Some time prior to the subject incident, Hilleary entered into a contract with Amica for Amica to provide UIM benefits to Hilleary for insurance coverage in events such as the subject collision.

16. For years, Hilleary timely paid his premiums to Hilleary for the UIM benefits and Hilleary accepted his premiums.

17. Following the incident, through counsel, Hilleary made a claim for UIM benefits under the applicable provisions of his insurance policy with Amica.

18. Amica failed to provide or offer the full UIM benefits available to Hilleary through the applicable UIM provisions of his insurance policy.

19. Amica's refusal to pay UIM benefits to Hilleary arising out of the subject collision is unreasonable.

20. Amica's refusal to pay UIM reasonable or full benefits to Hilleary has resulted in Hilleary suffering damages and losses.

## **FIRST CLAIM FOR RELIEF**
*Breach of Contract*

21. Hilleary incorporates all prior allegations as though fully set forth herein.

22. On or about October 24, 2014, Hilleary was involved in a motor vehicle collision with Shirley Houston, at or near the intersection of Louisiana Blvd. and Mountain Rd. NE, in the City of Albuquerque, County of Bernalillo, State of New Mexico.

23. Prior to the subject collision, Hilleary entered into a contract with Amica for Amica to provide UIM benefits.

24. Shirley Houston is an underinsured motorist as that term is defined in the policy of insurance Hilleary purchased through Amica.

25. Amica refuses to pay or offer reasonable or full UIM benefits to Hilleary.

26. Amica's refusal is a breach of contract.

27. Amica's breach has resulted in Hilleary suffering damages and losses.

**SECOND CLAIM FOR RELIEF**
*Unreasonable Delay/Denial pursuant to C.R.S. §§ 10-3-1115/1116*

28. Hilleary incorporates all prior allegations as though fully set forth herein.

29. C.R.S. § 10-3-1115 provides:

> (1)(a) A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant.
>
> (2) Notwithstanding section 10-3-1113(3), for the purposes of an action brought pursuant to this section and section 10-3-1116, an insurer's delay or denial was unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without reasonable basis for that action.

30. To date, Amica has unreasonably denied or delayed authorizing payment of a covered benefit without reasonable basis, in this case by refusing to compensate Hilleary reasonable or fully under the provisions of the applicable UIM benefit provisions of the subject policy.

31. Amica's delay and/or denial in authorizing payment of a covered benefit violates C.R.S. §§ 10-3-1115/1116.

32. As a result of Amica's violation, Hileary is entitled to reasonable attorney's fees, court costs, and two times the covered benefit.

**THIRD CLAIM FOR RELIEF**
*Bad Faith*

33. Hilleary incorporates all prior allegations as though fully set forth herein.

34. Amica, as a licensed insurance producer in the State of Colorado, owes a duty of good faith and fair dealing to its insureds (such as Hilleary) in authorizing payment for benefits under the terms of such policies.

35. Under the terms of the applicable UIM benefit provisions of Hilleary's insurance policy with Amica, Amica owed Hilleary a duty of good faith in adjusting his claim for such benefits and fair dealing in providing such benefits.

36. To date, Amica has refused to adjust Hilleary's claim for UIM benefits in good faith and fair dealing, despite his request that Amica do so.

37. Amica's conduct in adjusting Hilleary's UIM claim is/was unreasonable.

38. Amica knew, should have known, or had reckless disregard for the fact that its conduct is/was unreasonable in adjusting Hilleary's UIM benefits claim.

39. Amica's conduct on the occasion in question amounts to bad faith.

40. As a result of Amica's conduct, Hilleary has suffered damages and losses.

WHEREFORE, Hilleary requests this Court enter judgment against Amica and in his favor for damages in an amount to be determined at the time of trial, interest from the date of the accident, attorney's fees, costs, expert witness fees, and for such other and further relief as this Court deems proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of six (6) persons on all issues so triable.

Respectfully submitted this 20th day of June, 2018.

BY: _____/s/_____
Jeremy Cave, #35435
ATTORNEY FOR PLAINTIFF
*Original on file and signed at the office of Cave Law LLC*

Plaintiff's Address
1010 Marsh Hawk Dr.
Colorado Springs, CO  80911